UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDRICK OWENS, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 5:22-CV-01975-JPC <br><br> JUDGE J. PHILIP CALABRESE <br><br> MAGISTRATE JUDGE DARRELL A. CLAY <br><br> **REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiff Fredrick Owens challenges the Commissioner of Social Security's decision denying supplemental security income (SSI). (ECF #1). The District Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). On November 2, 2022, pursuant to Local Civil Rule 72.2, this matter was referred to me to prepare a Report and Recommendation. (Non-document entry dated Nov. 2, 2022). For the reasons stated below, I recommend the DistriCt Court **DISMISS** this matter without prejudice due to lack of prosecution.

## PROCEDURAL BACKGROUND

Mr. Owens filed his *pro se* Complaint on November 2, 2022. (ECF #1). I issued an initial order directing the Commissioner to file the Administrative Record on the docket within 60 days of the order, Mr. Owens to file his Brief within 45 days thereafter, and the Commissioner to file its Brief 45 days from the submission of Mr. Owens' Brief. (ECF #5). In my initial order, I cautioned Mr. Owens that "[i]f Plaintiff's Brief on the Merits is not filed within 45 calendar days

1

after the Administrative Transcript, the case may be subject to dismissal for want of prosecution without further notice." (*Id.* at PageID 22). According to this schedule, Mr. Owens' Brief was due on February 15, 2023.

On December 9, 2022, the parties participated in a telephone status conference with me. (Non-document entry dated Dec. 9, 2022). On January 3, 2023, I granted the Commissioner's unopposed motion to extend time for filing the Administrative Record. (ECF #8). The Commissioner filed the Administrative Record on January 23, 2023. (ECF #9). Mr. Owens' Brief was due then on March 9, 2023.

Because no Brief was received by that deadline, I issued an order on April 11, 2023 scheduling a telephone status conference for May 2, 2023. (Non-document entry dated Apr. 11, 2023). After counsel for the Commissioner participated in the telephone status conference that day but Mr. Owens did not, I entered an order *sua sponte* granting Mr. Owens additional time until June 16, 2023, to file his Brief. (ECF #10). My order cautioned Mr. Owens that failure to file a Brief on the merits "may result in dismissal of this action without prejudice with no further notice or warning." (*Id.*). A copy of the order was sent by certified mail on May 3, 2023. (Non-document entry dated May 3, 2023). On June 6, 2023, the certified mailing receipt was returned unclaimed. (ECF #11).

To date, Mr. Owens has not submitted his Brief in this case. He has not contacted the Court to request any further extensions of time. And he has made no updates to his contact information on file.

It turns out that Mr. Owens' failure to appear and to file his Brief may be due to developments in a criminal case also pending in this Court. Before Mr. Owens filed his Complaint

2

in this matter, he was sentenced on October 27, 2022 to four years of probation for a firearm offense. (*See* N.D. Ohio Case No. 5:21-cr-00401, ECF #48).

On March 3, 2023, Judge Calabrese issued a summons for Mr. Owens based on an alleged violation of his probation conditions. (*Id.* at ECF #57). On March 7, 2023, Judge Calabrese was informed that Mr. Owens was in State custody. (*Id.* at non-document entry dated Mar. 7, 2023). On May 9, 2023, Mr. Owens' term of supervised release was revoked and he was scheduled for a resentencing hearing on July 31, 2023. (*Id.* at non-document entry dated May 9, 2023). At the resentencing hearing, Mr. Owens was sentenced to an 11-month term of incarceration, with credit for time served from March 3, 2023. (Case No. 5:21-cr-00401, ECF #77). According to the Bureau of Prison's Inmate Locator, Mr. Owens is currently incarcerated at Hazelton Federal Correctional Institution, with a scheduled release date of December 18, 2023. *See* http://www.bop.gov/inmateloc/ (last accessed Oct. 11, 2023).

## Discussion

If a plaintiff fails to prosecute an action, a court may dismiss it pursuant to the court's inherent power to control its docket or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (collecting cases); *see also Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 902 F.2d 1568, at *3 (6th Cir. 1990) (table) ("In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962), the Supreme Court concluded that district courts retain an 'inherent power' to dismiss actions or claims sua sponte for lack of prosecution

3

under Rule 41(b).").  The authority to dismiss a plaintiff's case for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Courts have specifically concluded that when "a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, 'the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute.'" *Long v. Griffin*, No. 18-CV-9654 (NSR), 2022 WL 17325814, at *1 (S.D.N.Y. Nov. 28, 2022) (quoting *Mercedes v. New York Dept. of Corr.*, No. 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013)).

The Sixth Circuit has established four factors to guide when to dismiss a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

*Willfulness, Bad Faith, or Fault.* As to the first factor, I note that as a *pro se* litigant, Mr. Owens has "an affirmative duty to update the court with changes in address." *McAllister v. Maier*, No. 5:18CV01423, 2019 WL 3574620, at *5 (N.D. Ohio Aug. 6, 2019) (citing *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *3 (6th Cir. May 2, 1994)); *see also English v. Azcazubi*, No. 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); *Thornton v. Moroney*, No. 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014)

4

(explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[ ] . . . of any change of address"); *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'") (quoting *Handlin v. Garvey*, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)). Mr. Owens' "failure to do such an important, yet basic, task indicates a reckless disregard for the proceedings that he initiated." *McAllister*, 2019 WL 3574620, at *5. Thus, the first factor weighs in favor of dismissal.

*Prejudice to the Adverse Party.* For the second factor, following the filing of Mr. Owens' Complaint, the Commissioner was required to expend the time and resources necessary to prepare and file the Administrative Record and to participate in proceedings before this Court. Such actions result in prejudice to the Commissioner when a plaintiff no longer diligently pursues the case. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) ("[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'") (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). As such, "[t]he second factor unambiguously supports dismissal." *McAllister*, 2019 WL 3574620, at *5.

*Warning Regarding Potential Dismissal.* With respect to the third factor, on May 2, 2023, the Initial Order in this case—issued while Mr. Owens remained free on probation—specifically cautioned him about the consequences of not timely filing his Brief: dismissal for failure to prosecute. (ECF #5 at PageID 22). Notwithstanding this, after his non-appearance for a telephone status conference (likely a result of being incarcerated), I *sua sponte* further extended the filing deadline to afford him additional time. Despite this, as noted above, Mr. Owens has not filed his

Brief, sought a further extension of time, or contacted the court to advise of his change in address or other contact information due to his incarceration. Mr. Owen's *pro se* status does not excuse his non-compliance with court orders. Although *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *pro se* litigants are not entitled to leniency regarding adherence to readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, "[b]y failing to keep the Court apprised of his current address, [Mr. Owens has] demonstrate[d] a lack of prosecution of his action." *Walker v. Cognis Oleo Chem., LLC*, No. 1:07CV289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010). Thus, I conclude that the third factor also weighs in favor of dismissal.

*Imposition or Consideration of Less Drastic Sanctions.* Finally, in relation to the fourth factor, briefing is necessary to adjudicate this action. The Court cannot divine the arguments Mr. Owens may make with respect to why his application for disability benefits should have been allowed. Furthermore, his failure to communicate with the Court for seven months since he was first taken into State (and then federal) custody strongly reinforces his apparent intention to abandon further pursuit of this action. *See Greene v. Sposato*, No. 16CV1243(JMA)(ARL), 2019 WL 1559421, at *2 (E.D.N.Y. Apr. 9, 2019) ("Because plaintiff has not otherwise communicated with the Court for over five months, it appears that plaintiff has abandoned this case . . . ."). I conclude that no sanction less than dismissal without prejudice is appropriate. Accordingly, the fourth factor weighs in favor of dismissal without prejudice.

After considering the factors set forth in *Knoll*, Mr. Owens' *pro se* status, and his current status as an incarcerated individual, I conclude that dismissal without prejudice (as a less drastic sanction than dismissal with prejudice) is warranted, necessary, and appropriate.

CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I recommend the District Court **DISMISS** Mr. Owens' Complaint without prejudice for failure to prosecute. **The Clerk is directed to serve a copy of this Report and Recommendation on Mr. Owens both at the address on record and as follows:** Frederick T. Owens, Register No. 52995-509, FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.

Dated: October 12, 2023

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS, REVIEW, AND APPEAL

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).