UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK OWENS, | ) | Case No. 5:22-cv-01975 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Darrell A. Clay |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 12) in this appeal from the administrative action of the Social Security Administration, which denied disability benefits. The Magistrate Judge recommends that the Court dismiss the matter without prejudice for failure to prosecute.

### BACKGROUND

On November 22, 2022, Plaintiff Frederick Owens filed this *pro se* action challenging the denial of supplemental security income. (*See generally* ECF No. 1.) Mr. Owens was sentenced to four years of probation for a firearm offense before filing his Complaint. (*Owens*, 5:21-cr-00401, ECF No. 48.)

In this case, the Magistrate Judge issued an initial order on November 2, 2022 directing the Commissioner to file the Administrative Record on the docket within 60 days of the order and for Plaintiff to file his brief 45 days after that. (ECF No. 5, PageID #22.) The Magistrate Judge warned Mr. Owens that failure to file his brief

timely could result in a recommendation that his case be dismissed for want of prosecution. (*Id.*)

After a telephone status conference on December 9, 2022, the Magistrate Judge granted the Commissioner's unopposed motion to extend the deadline for filing the administrative record. (Minutes, Dec. 9, 2022; ECF No. 8.) The Commissioner filed the record on January 23, 2023 (ECF No. 9), making Mr. Owens's brief due on March 9, 2023.

On March 3, 2023 the Court issued a summons for Mr. Owens based on violation of probation conditions in his criminal matter. (*Owens*, 5:21-cr-00401, ECF No. #58.) On March 7, 2023, the Court was informed that Mr. Owens was in State custody. (*Owens*, 5:21-cr-00401, Notice, Mar. 7, 2023.)

Mr. Owens failed to file his merits brief by the March 9, 2023 deadline. The Magistrate Judge then held a telephone status conference on May 2, 2023 which counsel for the Commissioner attended, but Mr. Owens did not. (ECF No. 10, PageID #690.) As a result of the conference, the Magistrate Judge *sua sponte* granted Mr. Owens an extension to June 16, 2023 to file his brief. (*Id.*, PageID #690–91.) The Magistrate Judge again warned Mr. Owens that failure to file his brief may result in dismissal of his action. (*Id.*, PageID #691.) A copy of the order was sent by certified mail to Mr. Owens's address on file on May 3, 2023 but the certified mailing receipt was returned unclaimed on June 6, 2023. (*See* ECF No. 11, PageID #692.)

On May 9, 2023, the Court held a violation hearing in Mr. Owens's criminal matter and revoked the terms of probation and scheduled resentencing. (*Owens*, 5:21-

cr-00401, Minutes, May 9, 2023.) On July 31, 2023, the Court resentenced Mr. Owens to an 11-month term of incarceration, with credit for time served from March 3, 2023. (*Owens*, 5:21-cr-00401, ECF No. #77.) On August 9, 2023, Mr. Owens appealed the denial of his motion to vacate his sentence in the criminal matter. (*Owens*, 5:21-cr-00401, ECF No. 80.) Mr. Owens is scheduled for release from custody on December 18, 2023.

On October 12, 2023, the Magistrate Judge filed a Report and Recommendation recommending dismissal of the matter without prejudice for failure to prosecute. (ECF No. 12, PageID #700.) Objections to the Report and Recommendation were due on October 26, 2023. (*See id.*) Out of an abundance of caution, the Court *sua sponte* extended the deadline for objections to November 20, 2023. (ECF No. 13, PageID #701.)

As of the date of this Order, Mr. Owens has not filed his brief, nor has he objected to the Magistrate Judge's Report and Recommendation.

## ANALYSIS

### I. Dismissal for Failure to Prosecute

As part of the Court's inherent authority to control its docket, the Court "must be given substantial discretion" to dismiss a case for failure to prosecute. *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also* Fed. R. Civ. P. 41(b). The Magistrate Judge set forth the applicable legal standard and analyzed the requisite factors the Court must consider. In determining whether to dismiss an action for failure to prosecute a court considers whether: (1) the party's failure is due

3

to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the dismissed party's conduct; (3) the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 363.

The Sixth Circuit has recognized prejudice where the defendant has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Plaintiff failed to comply with the Court's order to file his merits brief and attend a status conference. The Commissioner spent time and resources constructing the administrative record and attending status conferences. Additionally, *pro se* litigants owe a duty to diligently pursue their case and inform the Court of any change of address. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (noting that a Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the Court with information regarding his current address). Plaintiff failed to provide the Court with a new mailing address. Here, Plaintiff's failure to comply with the Court's order and actively litigate his case has prejudiced Defendant—fulfilling factors one and two.

Considering factor three, the Court warned Plaintiff twice that his failure to file his brief could result in dismissal. Additionally, the Magistrate Judge's Report and Recommendation put Plaintiff on notice.

Finally, the Court sees no utility in considering lesser sanctions. Plaintiff failed to comply with the Court's order to file his brief, despite multiple extensions,

4

and failed to object to the Magistrate Judge's Report and Recommendation. The Court appreciates that Plaintiff has been in both State and federal custody throughout this litigation, which certainly made filing more difficult. But Plaintiff has demonstrated that he is fully capable of complying with the Court's orders in his criminal matter—including filing a *pro se* appeal. Therefore, given the nearly nine months Plaintiff had to comply with the Court's order—taken together, these factors support dismissal for failure to prosecute.

## II. Objections to the Report and Recommendation

The Report and Recommendation advised both parties that a failure to object within 14 days may result in waiver of rights on appeal, which includes the right to review before the Court. (*See* ECF No. 12, PageID #700.) And the Court extended that deadline providing Plaintiff with an additional three weeks to file his objections. (ECF No. 13, PageID #701.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

5

The Sixth Circuit has clarified that failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Plaintiff neither objected, nor provided some legitimate reason why he failed to do so. While federal courts afford *pro se* litigants some leniency, where such a litigant "fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Here, the sanction of dismissal arises from Plaintiff's failure to fulfill his obligations to the Court and actively litigate his case.

## CONCLUSION

Upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the

Court **ADOPTS** the Report and Recommendation (ECF No. 12) and **DISMISSES** the action **WITHOUT PREJUDICE**.

    **SO ORDERED**.

Dated: November 30, 2023

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio